UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elijah Antwan Jackson, | ) C/A No. 9:16-1827-TLW-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) (partial summary dismissal) |
| Florence County Detention Center, Sergeant | ) |
| Ingram, Corporal Eli, Officer Timmons, | ) |
| Medical Staff, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Plaintiff, Elijah Antwan Jackson, proceeding pro se and in forma pauperis, brings

this action pursuant to 42 U.S.C. § 1983.  Plaintiff, an inmate at the Florence County Detention

Center (FCDC), asserts constitutional claims for failure to protect and relating to his medical care

pursuant to 42 U.S.C. § 1983.[1]

Under established local procedure in this judicial district, a careful review has been

made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and

§ 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light

of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490

U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of

Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  Pro se

---

[1]42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method
for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994)
(quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a
party who has been deprived of a federal right under the color of state law to seek relief." City of
Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under
§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or
laws of the United States was violated, and (2) that the alleged violation was committed by a person
acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). However, even when considered pursuant to this liberal standard, it is readily apparent that the Defendants FCDC and Medical Staff are entitled to summary dismissal as party Defendants. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

Courts have routinely held that inanimate objects such as buildings, facilities, and grounds, such as the FCDC, do not act under color of state law, and are not a "person" subject to suit under § 1983. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)[California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) [Finding that a detention center, as a building and not a person, was not amenable to suit under § 1983]; Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999)["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."]; Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."]. The Defendant "Medical Staff" also is subject to summary dismissal because it appears to be a group of people employed in the medical



2

department, and groups of people are not amenable to suit under § 1983. See Harden v. Green, 27

F. App'x 173, 178 (4th Cir. 2001)[finding that the medical department of a prison is not a person

pursuant to § 1983]; Dalton v. South Carolina Dep't of Corr., C/A No. 8:09–260–CMC–BHH, 2009

WL 823931, at *2 (D.S.C. March 26, 2009)[dismissing the medical staff of SCDC and Prison Health

Services as defendants because they were not persons]; Barnes v. Baskerville Corr. Cen. Med. Staff,

No. 3:07CV195, 2008 WL 2564779 (E.D.Va. June 25, 2008)[ ["Plaintiff's allegations that

unspecified prison personnel violated his rights does not adequately state a § 1983 claim."].

Therefore, Defendants FCDC and Medical Staff are entitled to dismissal as party

Defendants.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss the Florence County

Detention Center and Medical Staff as party Defendants in this case, without prejudice and without

issuance and service of process. The Complaint should be served on the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

July 27, 2016
Charleston, South Carolina

3

p 3

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

4